1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAMS BUSINESS SERIVCES,
INC.,

                Plaintiff,

     v.

WATERSIDE CHIROPRACTIC, INC., et
al.,

                Defendants.

CASE NO. C14-5873 BHS

ORDER GRANTING
DEFENDANTS' MOTION TO
SET ASIDE DEFAULT
JUDGMENT AND DENYING
PLAINTIFF'S MOTION TO
STRIKE AS MOOT

This matter comes before the Court on Defendants Michael J. Smith, Sylvia M.

Smith, and Waterside Chiropractic, Inc.'s motion to set aside default (Dkt. 27) and

Plaintiff Williams Business Services, Inc.'s ("Williams") motion to strike (Dkt. 37). The

Court has considered the pleadings filed in support of and in opposition to the motions

and the remainder of the file and hereby grants Defendants' motion and denies Williams'

motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On October 31, 2014, Williams filed a complaint against Defendants alleging

numerous federal and state claims.  Dkt. 1.  On February 2, 2015, Williams filed a motion

for default (Dkt. 14), which the Clerk entered on February 4, 2015 (Dkt. 15).  On March

1  16, 2015, Williams filed a motion for default judgment.  Dkt. 18.  On March 18, 2015,

2  the Court granted the motion.  Dkt. 21.  On April 29, 2015, the Court entered judgment in

3  favor of Williams against Defendants.  Dkt. 26.

4       On November 12, 2015, Defendants filed a motion to set aside the default.  Dkt.

5  27.  On November 23, 2015, Williams responded.  Dkt. 29.  On November 27, 2015,

6  Defendants replied and submitted three declarations in support of their reply.  Dkts. 32–

7  35.  On December 2, 2015, Williams moved to strike exhibits attached to those

8  declarations.  Dkt. 37.[1]

9  **II. DISCUSSION**

10       In setting aside a default judgment, the Court should consider three factors:

11  "whether the defendant's culpable conduct led to the default; whether the defendant has a

12  meritorious defense; and whether reopening the default judgment would prejudice the

13  plaintiff."  *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001),

14  *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147

15  (2001).

16       In this case, the parties dispute all three factors.  First, Defendants assert that they

17  have shown excusable neglect because of Mrs. Smith's battle with cancer.  Neglect

18  "encompasses both simple, faultless omissions to act and, more commonly, omissions

19  caused by carelessness."  *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*,

20  507 U.S. 380, 388 (1993).  Although Williams argues that Defendants engaged in a

21

22      [1] The Court denies the motion as moot because the exhibits were not relied upon to form the basis of this order.

1  "willful tactic" to avoid this litigation, the Court is unable to reach that conclusion.  It is

2  undisputed that some minimal attention to this litigation could have avoided the current

3  situation, but there is insufficient, if any, evidence in the record to support a finding of

4  intentional acts.  At most, Defendants engaged in omissions and carelessness brought

5  about by life threatening circumstances.  Thus, the Court concludes that this factor

6  weighs in favor of Defendants.

7       With regard to meritorious defenses, Defendants have met their burden.  Williams'

8  copyright claims constitute the majority of damages in this case as well as the basis for

9  personal jurisdiction over the individual defendants.  Based on the parties' briefs, it

10  appears that there is a question whether the copyrights rights were a subject of the

11  parties' contract and whether the rights were transferred or assigned to Defendants.

12  Absent this claim, it seems that this is a simple breach of contract action, which does not

13  appear to even meet the jurisdictional minimum for diversity actions.  Thus, the Court

14  concludes that this factor also weighs in favor of Defendants.

15       Finally, the Court concludes that Williams would not be prejudiced by setting

16  aside the default judgment.  Williams alleges that it may have difficulty obtaining

17  evidence to prove its claims, but it is unclear exactly what evidence may have

18  disappeared.  Similarly, there is an absence of evidence in the record to support the

19  allegation that Defendants are alleging insolvency.  In fact, Williams asserts that

20  "Waterside Inc. is a separate entity, comprising an apparently thriving corporation with

21  offices across the Florida Panhandle."  Dkt. 29 at 3.  Regardless, this factor also weighs

22  in favor of Defendants.

**III. ORDER**

Therefore, it is hereby **ORDERED** that Defendants' motion to set aside default judgment (Dkt. 27) is **GRANTED** and the Court **VACATES** the Default Judgment (Dkt. 26) and the Clerk's entry of default (Dkt. 15).

Defendants shall file an answer or otherwise respond to the complaint within 21 days from the date of this order.  The Court will also issue a new order regarding initial disclosures and joint status report.

Dated this 21st day of January, 2016.

_____
BENJAMIN H. SETTLE
United States District Judge