1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAMS BUSINESS SERIVCES,
INC.,

                    Plaintiff,

          v.

WATERSIDE CHIROPRACTIC, INC., et
al.,

                    Defendants.

CASE NO. C14-5873 BHS

ORDER REQUESTING
RESPONSE

This matter comes before the Court on Plaintiff Williams Business Serivces, Inc.'s

("Plaintiff") motion for reconsideration (Dkt. 42).

On January 21, 2016, the Court granted Defendants Michael J. Smith, Sylvia M.

Smith, and Waterside Chiropractic, Inc.'s ("Defendants") motion to set aside default

judgment. Dkt. 40. On February 2, 2016, Plaintiff filed a motion for reconsideration.

Dkt. 42. Williams asserts three errors in the Court's order: (1) the Court failed to

separate the individual defendants from the corporate defendant, (2) the Court failed to

recognize that no evidence supported the corporate defendant's neglect, and (3) the Court

failed to address the conduct of Defendants' attorney. *Id.*

1    The decision to set aside a default is committed to the sound discretion of the trial

2    court. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001), *overruled*

3    *on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147 (2001).  Rule

4    60(b) is "remedial in nature and . . . must be liberally applied." *Falk v. Allen*, 739 F.2d

5    461, 463 (9th Cir.1984) (per curiam).  Default judgments are "appropriate only in

6    extreme circumstances; a case should, whenever possible, be decided on the merits." *Id*.

7    "Put another way, where there has been no merits decision, appropriate exercise of

8    district court discretion under Rule 60(b) requires that the finality interest should give

9    way fairly readily, to further the competing interest in reaching the merits of a dispute."

10   *Knoebber*, 244 F.3d at 696.

11   Under this liberal standard, the Court implicitly accepted some reasonable

12   inferences of fact.  For example, the Court inferred that Waterside Chiropractic, Inc. was

13   a closely held corporation, which is consistent with Plaintiff's complaint.  *See* Dkt. 1, ¶ 9

14   (the individual defendants "exercise[ed] substantial and direct control over Waterside

15   Inc., and personally directed some or all of Waterside Inc.'s actions . . ."). It logically

16   follows that, if the individual defendants were preoccupied with traveling to various

17   states in a life threatening battle with cancer, then the corporate entity would directly

18   suffer from the asserted lack of communication as well.  Plaintiff, however, contends that

19   there is a lack of actual evidence in the record to support these inferences.  Although

20   debatable, there is no pressing reason not to develop the record on these points.

21   With regard to Plaintiff's contention that the Supreme Court has "mandated" that

22   Defendants shall be held responsible for the actions of their chosen attorney, the

1   proposition is suspect at best.  The cases cited do not involve default judgments.  *See Link*

2   *v. Wabash R. Co.*, 370 U.S. 626 (1962) (*sua sponte* dismissal for failure to prosecute);

3   *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380 (1993)

4   (interpreting bankruptcy code).  Moreover, even if counsel's failures can be imputed to

5   the individual defendants, it appears that his effective advocacy for his clients was

6   compromised by his clients being too preoccupied to communicate with him. However,

7   the record could be more developed as to the level of communication and direction

8   counsel received from Defendants.

9        Therefore, although the Court likely reached the correct conclusion based upon

10  reasonable inferences, the Court requests a response from Defendants on the factual and

11  legal issues set forth above.  Local Rules, W.D. Wash. LCR 7(h)(3).  Defendants may

12  respond no later than February 19, 2016, and Plaintiff may reply no later than February

13  26, 2016.  The Clerk shall renote the motion for consideration on the Court's February

14  26, 2016 calendar.

15       **IT IS SO ORDERED**.

16       Dated this 4th day of February, 2016.

17

18   _____
     BENJAMIN H. SETTLE
19   United States District Judge

20

21

22