1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8    WILLIAMS BUSINESS SERIVCES,
     INC.,

9                        Plaintiff,

10            v.

11   WATERSIDE CHIROPRACTIC, INC., et
     al.,

12

13                       Defendants.

CASE NO. C14-5873 BHS

ORDER DENYING PLAINTIFF'S
MOTION FOR
RECONSIDERATION

14       This matter comes before the Court on Plaintiff Williams Business Services, Inc.'s

15   ("Plaintiff") motion for reconsideration (Dkt. 42), the Court's request for a response (Dkt.

16   43), and the parties' additional briefs.  The Court has considered the pleadings filed in

17   support of and in opposition to the motion and the remainder of the file and hereby denies

18   the motion for the reasons stated herein.

19                            **I. PROCEDURAL HISTORY**

20       On January 21, 2016, the Court granted Defendants Michael J. Smith, Sylvia M.

21   Smith, and Waterside Chiropractic, Inc.'s ("Defendants") motion to set aside default

22   judgment.  Dkt. 40.  On February 2, 2016, Plaintiff filed a motion for reconsideration.

Dkt. 42.  On February 4, 2016, the Court requested a response and set a briefing schedule.  Dkt. 43.  On February 19, 2016, Defendants responded and submitted additional evidence.  Dkt. 47.  On February 26, 2016, Plaintiff replied.  Dkt. 51.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules, W.D. Wash. LCR 7(h)(1).

In this case, Williams asserts three errors in the Court's order: (1) the Court failed to separate the individual defendants from the corporate defendant, (2) the Court failed to recognize that no evidence supported the corporate defendant's neglect, and (3) the Court failed to address the conduct of Defendants' attorney.

The decision to set aside a default is committed to the sound discretion of the trial court.  *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147 (2001).  Rule 60(b) is "remedial in nature and . . . must be liberally applied."  *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984) (per curiam).  Default judgments are "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."  *Id*.  "Put another way, where there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give

1  way fairly readily, to further the competing interest in reaching the merits of a dispute."

2  *Knoebber*, 244 F.3d at 696.

3          First, Plaintiff argues that the corporate defendant should be held accountable for

4  the excusable neglect of their attorney.  Plaintiff raised this issue in its original response

5  (Dkt. 29), and the Court declined to consider the cited authorities because the Supreme

6  Court was interpreting a specific bankruptcy statute.  *See Pioneer Inv. Servs. Co. v.*

7  *Brunswick Associates Ltd. P'ship*, 507 U.S. 380 (1993) (interpreting Fed. R. Bankr. P.

8  9006 (b)(1)).  In the absence of any authority applying that interpretation to Fed. R. Civ.

9  P. 60, Plaintiff has failed to show a manifest error in the Court's order.

10         Second, Defendants' "counsel" was a longtime acquaintance that offered to help

11  with the case when he was informed of Mrs. Smith's illness.  Dkt. 49, Declaration of Mr.

12  Henry Perry ¶ 2–3.  The relationship appears to be more of a professional courtesy than

13  an actual engagement.  Plaintiffs have failed to show that the Court's granting of one

14  stipulation for an extension of time with Mr. Perry's signature turned that courtesy into a

15  attorney client relationship.

16         Third, Defendants have submitted evidence that the corporate defendant is a small

17  corporation with only two executive officers:  Mr. and Mrs. Smith.  Therefore, it was

18  reasonable for the Court to infer that Mrs. Smith's illness also severely impacted the

19  ability of the corporation to respond to this lawsuit.

20         Finally, Plaintiff asks for fees and costs incurred as a result of the vacated default.

21  While Plaintiff has shown that such an award is most likely warranted, it has improperly

22

1  included the request in a reply brief, precluding Defendants the opportunity to respond.

2  Therefore, the Court denies that request without prejudice.

3          With regard to the motion for reconsideration, the Court **DENIES** the motion for

4  the reasons stated herein.

5          **IT IS SO ORDERED**.

6          Dated this 2nd day of March, 2016.

7

8          _____

9          BENJAMIN H. SETTLE
           United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22