UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAMS BUSINESS SERIVCES,
INC.,

Plaintiff,

v.

WATERSIDE CHIROPRACTIC, INC., et
al.,

Defendants.

CASE NO. C14-5873 BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANTS' MOTION TO
DISMISS

This matter comes before the Court on Defendants Waterside Chiropractic, Inc.

("Waterside"), Dr. Michael J. Smith, and Dr. Sylvia M. Smith's (collectively "Waterside

Defendants") motion to dismiss for lack of personal jurisdiction (Dkt. 44).  The Court has

considered the pleadings filed in support of and in opposition to the motion and the

remainder of the file and hereby grants in part and denies in part the motion for the

reasons stated herein.

**I. PROCEDURAL HISTORY**

On October 31, 2014, Plaintiff Williams Business Services, Inc. ("Williams") filed

a complaint against Defendants alleging numerous federal and state claims.  Dkt. 1

("Comp.").

1       On February 11, 2016, the Waterside Defendants filed a motion to dismiss for lack

2 of personal jurisdiction.  Dkt. 44.  On February 29, 2016, Williams responded.  Dkt. 52.

3 On March 4, 2016, the Waterside Defendants replied.  Dkt. 56.

## II. FACTUAL BACKGROUND

5       Williams is a Washington corporation that designs, develops, and hosts websites.

6 Comp., ¶¶ 6, 14; Dkt. 53, Declaration of Douglas Williams ("Williams Dec."), ¶ 8.

7 Waterside is a Florida corporation that provides chiropractic health care services across

8 six locations in Florida.  Dkt. 45, Fourth Declaration of Dr. Michael Smith, ¶ 2.  Dr. M.

9 Smith and Dr. S. Smith own and operate Waterside.  *Id.*, ¶ 1.

10       In 2013, Waterside's agent, Penny Zencker, contacted Williams to inquire about

11 improving Waterside's website.  Williams Dec., ¶¶ 2–3.  In September 2013, Dr. Sylvia

12 Smith contacted Williams in Washington to obtain a cost estimate and proposal for a new

13 Waterside website.  Williams Dec., ¶ 6.  Williams drafted and emailed a work proposal,

14 which in basic terms offered to redesign the website for $10,000.  Comp., Exh 1.

15 Waterside reviewed the work proposal, negotiated and signed an amended proposal, and

16 faxed Williams the signed signature page of the proposal along with a copy of the initial

17 $5,000 payment.  Comp., ¶¶ 18–21.

18       On March 27, 2014, Williams completed and published Waterside's website.  *Id.*,

19 ¶ 30.  On March 31, 2014, Williams sent an invoice to Waterside for the remaining

20 $5,000 payment and additional hosting fees.  *Id.*, ¶¶ 31–32.  Williams contends that,

21 instead of paying the invoice, the Waterside Defendants continued to request changes and

22 alterations to the website.  *Id.*, ¶ 33.

1    On June 1, 2014, Waterside paid Williams $2,500 instead of the full invoiced

2  amount of $5,000 plus hosting fees. *Id*., ¶ 46.  In July 2014, Williams offered Waterside

3  an unlimited license to use the website in an effort to resolve the payment dispute

4  between the parties. *Id*., ¶55.  Without receiving a response to its offer, Williams turned

5  over all the website materials it had to Waterside and stopped controlling the website. *Id.*

6  On September 8, 2014, Dr. Sylvia Smith rejected the unlimited license offer and

7  threatened to sue Williams if it did not perform additional work. *Id.*, ¶¶ 57–58.

8    On September 24, 2014, Williams filed an application with the United States

9  Copyright Office to copyright the Waterside website.  Comp., Exh. 4.  On September 29,

10  2014, Williams's counsel in Washington sent a letter notifying Waterside that Williams

11  owned the copyrights to the website and that Waterside only held a license to use the

12  website.  *Id*., Exh. 7.  October 9, 2014, Williams's counsel sent a cease-and-desist letter

13  notifying Waterside that Williams terminated Waterside's website license and

14  Waterside's continued use would willfully infringe its copyright. *Id.*, Exh. 9.  It is

15  undisputed that Waterside did not respond to the letter, Williams successfully removed

16  the website from the original hosting company, Waterside engaged a new hosting

17  company to publish the same website, and Williams successfully removed the website

18  from the new hosting company.  This lawsuit followed.

19                    **III. DISCUSSION**

20  **A.    Standard**

21    The plaintiff bears the burden of showing that the Court has personal jurisdiction

22  over all defendants. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th

Cir. 2004).  In the absence of an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction.  *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  Uncontroverted allegations in the complaint must be taken as true, and "[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor."  *Id.* (quoting *Schwarzenegger*, 374 F.3d at 800).

Where, as here, there is no applicable federal statute governing personal jurisdiction, the court applies the law of the state in which the court sits.  *See* Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  Washington's long-arm statute extends jurisdiction over a defendant to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment.  *See* Wash. Rev. Code § 4.28.185; *Shute v. Carnival Cruise Lines*, 113 Wn.2d 763, 771 (1989).  The relevant question, therefore, is whether the requirements of due process are satisfied by the exercise of personal jurisdiction over the Waterside Defendants.

**B.    Due Process**

Due process requires that to exercise jurisdiction over a non-resident defendant, the defendant "have 'certain minimum contacts' with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  In this case, Williams asserts that the Court has specific jurisdiction over the Waterside Defendants.  Dkt. 52 at 4.  The Ninth Circuit has established a three-part test to determine whether a court has specific personal jurisdiction over a defendant:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.  "The plaintiff bears the burden of satisfying the first two prongs of the test."  *Id.*  If the plaintiff does so, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable."  *Id.*

For the purposeful action prong, Williams's position is less than clear.  Williams asserts that the Waterside Defendants "purposefully directed" their activities at the forum and that this satisfies "both the 'purposeful availment' and 'purposeful direction' prongs of the jurisdictional test."  Dkt. 52 at 11–12.  Williams, however, fails to recognize that these are two different tests with different elements and that the separate tests require different types of evidence.  For example, "[a] showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there."  *Schwarzenegger*, 374 F.3d at 802.  On the other hand,

[a] showing that a defendant purposefully directed his conduct toward a forum state . . . usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere.

*Id.* at 803.  Williams fails to address these separate tests and fails to correlate evidence or allegations satisfying each element of each test.  With this failure in mind, the Court will turn to each test.

### 1.    Availed

To be subject to specific jurisdiction, a defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  "Purposeful availment" requires that the defendant "have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state."  *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988).

In breach of contract cases, the mere existence of a contract with a party in the forum state does not constitute sufficient minimum contacts for jurisdiction.  *Burger King*, 471 U.S. at 478.  Instead, the Court

> must look to prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing to determine if the defendant's contacts are substantial and not merely random, fortuitous, or attenuated.

*Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (quoting *Burger King*, 471 U.S. at 479).

In this case, Williams has failed to show any substantial contacts by the Waterside Defendants beyond the existence of the contract.  While it is true that the Waterside Defendants and its agent reached out to Williams in Washington, this contact as well as

1    the formation of the contract is insufficient to established sufficient minimum contacts.

2    *Boschetto*, 539 F.3d at 1017 ("[A] contract alone does not automatically establish

3    minimum contacts in the plaintiff's home forum.").  Moreover, Williams's performance

4    of his obligations under the contract in Washington is also insufficient because such

5    actions are not contacts by any defendant.  *Picot v. Weston*, 780 F.3d 1206, 1213 (9th Cir.

6    2015) ("the fact that a contract envisions one party discharging his obligations in the

7    forum state cannot, standing alone, justify the exercise of jurisdiction over another party

8    to the contract.").  With regard to Williams's ongoing obligations, they consist of

9    additional work by Williams and hosting fees by companies that were not Washington

10   businesses.  These are not actions by defendants that promote business within

11   Washington.  Therefore, the Court concludes that Williams has failed to show that the

12   Waterside Defendants purposely availed themselves of the privilege of conducting

13   activities within Washington.

14          **2.    Directed**

15          Williams has also asserted causes of action that sound in tort, including intentional

16   copyright infringement.  In analyzing whether a court has specific personal jurisdiction

17   over a tort claim, the Court applies a three-part "effects" test derived from *Calder v.*

18   *Jones*, 465 U.S. 783 (1984).  *See Schwarzenegger*, 374 F.3d at 803.  Under this test, a

19   defendant purposefully directed his activities at the forum if he: "(1) committed an

20   intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant

21   knows is likely to be suffered in the forum state."  *Id*. (quoting *Dole Food Co. v. Watts*,

22   303 F.3d 1104, 1111 (9th Cir. 2002)).  In applying this test, the Court must "look[ ] to the

1    defendant's contacts with the forum State itself, not the defendant's contacts with persons

2    who reside there." *Walden*, 134 S. Ct. at 1122.  Thus, a "mere injury to a forum resident

3    is not a sufficient connection to the forum." *Id*. at 1125.  Rather, "an injury is

4    jurisdictionally relevant only insofar as it shows that the defendant has formed a contact

5    with the forum State." *Id*.

6            In this case, the parties dispute the second element of the test, which is whether the

7    Waterside Defendants expressly aimed an intentional act at Washington.  In *Washington*

8    *Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 678–79 (9th Cir. 2012), the Ninth

9    Circuit concluded

10              that [defendant's] alleged willful infringement of [plaintiff's] copyright,
                and [defendant's] knowledge of both the existence of the copyright and the
11              forum of the copyright holder, is sufficient "individualized targeting" to
                establish the "something more" necessary to satisfy the express aiming
12              requirement.

13   Subsequently, the Supreme Court issued its opinion in *Walden*, which some district

14   courts in this circuit have concluded either implicitly overruled *Washington Shoe* or, at

15   the least, put *Washington Shoe*'s continuing validity in question.  *See*, *e.g.*, *Adobe Sys.*

16   *Inc. v. Cardinal Camera & Video Ctr., Inc.*, No. 15-CV-02991-JST, 2015 WL 5834135,

17   at *3–5 (N.D. Cal. Oct. 7, 2015) ("*Washington Shoe* cannot be reconciled with *Walden*

18   and . . . *Walden* effectively overrules *Washington Shoe*."); *Erickson v. Nebraska Mach.*

19   *Co.*, No. 15-CV-01147-JD, 2015 WL 4089849, at *3 (N.D. Cal. July 6, 2015) ("*Walden*

20   overrides *Washington Shoe* generally . . .").  Although the Ninth Circuit has not directly

21   addressed this issue, the court recently stated that it was "guided by the Supreme Court's

22   recent decision in *Walden*," which "reinforced the traditional understanding that our

1   personal jurisdiction analysis must focus on the defendant's contacts with the forum state,

2   not the defendant's contacts with a resident of the forum." *Picot*, 780 F.3d at 1214.

3          While it is unfortunate for the parties and the Court that there is not a clear answer

4   on this question, the language of *Walden* and *Picot* counsels against Williams's

5   arguments in this case.  Ignoring the Waterside Defendants' contacts with Williams, there

6   is an absence of any evidence or allegation in the record regarding the Waterside

7   Defendants' contacts with Washington.  In fact, the parties expressly agreed that the

8   allegedly infringing website would target potential customers in Florida.  Comp., Exh. 1

9   at 3 ("We are proposing a new website that is optimized to attract organic search traffic

10  from the northern Florida area and designed to get more new patients.").  As such, there

11  is no evidence of an intentional act expressly aimed at Washington that establishes

12  contact with Washington.  Williams's alleged injury is "not tethered to [Washington] in

13  any meaningful way" and "would follow [Williams] wherever [it] might choose to live or

14  travel." *Picot*, 780 F.3d at 1215.  Therefore, the Court concludes that Williams has failed

15  to show that personal jurisdiction exists over the Waterside Defendants.

16  **C.      Attorneys' Fees**

17         Having concluded that the Waterside Defendants are not subject to personal

18  jurisdiction in this state, the Court must consider whether they are entitled to their

19  reasonable attorney's fees.

20             In the event the defendant is personally served outside the state on
               causes of action enumerated in this section, and prevails in the action, there

21         may be taxed and allowed to the defendant as part of the costs of defending
           the action a reasonable amount to be fixed by the court as attorneys' fees.

22

1 | RCW 4.28.185(5).  As the text reflects, however, an award is discretionary and not

2 | mandatory.  *See Johnston v. Hines GS Props., Inc.*, 114 Wn. App. 1013, at *5 (2002).

3 |      In this case, the Court concludes that an award of fees in not appropriate.  The

4 | relevant legal issue is both complicated and not precisely settled.  In such circumstances,

5 | the Court is unable to fault Williams for contending that the Court had personal

6 | jurisdiction over the Waterside Defendants in this forum.  Therefore, the Court denies the

7 | request for fees.

8 | **IV. ORDER**

9 |      It is hereby **ORDERED** that the Waterside Defendants' motion to dismiss for lack

10 | of personal jurisdiction (Dkt. 44) is **GRANTED on the merits** and **DENIED as to the**

11 | **request for fees**.  The Clerk shall close this case.

12 |      Dated this 6th day of May, 2016.

15 | BENJAMIN H. SETTLE
United States District Judge

ORDER - 10